**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| TOMMY MORRISON d/b/a MORRISON MOTORSPORTS and MORRISON ENGINEERING and TOMMY MORRISON MOTORSPORTS, INC., | : : : : : : : | |
| Plaintiff | : : | |
| v. | : : | 1:03-CV-140 (WLS) |
| EXXONMOBIL CORPORATION, | : : : | |
| Defendant | : : | |

**ORDER**

Before the Court are Plaintiff's Motion for Discovery (Doc. 60), Defendant's Motion for Reconsideration (Doc. 61), and Plaintiff's Motion to Amend/Correct Complaint (Doc. 64).

For the following reasons, Plaintiff's Motion for Discovery (Doc. 60) is **GRANTED-IN-PART**, **DENIED-IN-PART**, and **DENIED-IN-PART AS MOOT**; Defendant's Motion for Reconsideration (Doc. 61) is **DENIED**; and Plaintiff's Motion to Amend/Correct Complaint (Doc. 64) is **DENIED**.

**DISCUSSION**

**I.      Plaintiff's Motion for Discovery**

Plaintiff moves the Court pursuant to Fed. R. Civ. P. 16 to reopen discovery to: 1) allow Plaintiffs to conduct depositions of Don Salamack, Jeff Eckstine, and Jeff Martin; 2) to file the requisite disclosures regarding experts; and 3) to conduct additional document discovery. (Doc. 60). On January 26, 2004, the Court entered a Rule 16(b) Discovery/Scheduling Order in which it provided that discovery be completed no later than July 6, 2004 unless extended by the Court for good cause shown upon a written motion by either party. (*See* Doc. 9). In the same Order, the Court required each party to serve upon the other parties disclosures relating to expert witnesses, with case-in-chief expert disclosures due no later than June 7, 2004 and rebuttal expert disclosures due no later than June 28, 2004, except for good cause shown. *Id*. On August 19, 2004, the Court entered an Order extending the discovery period until November 15, 2004. (Doc.

23).

Rule 16(b) permits the Court to modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.  Fed. R. Civ. P.16(b) advisory committee's note. "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id*.; *see also* Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) (*quoting* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)) (internal quotations removed).

Plaintiff notes that his original counsel was a solo practitioner, limited by time and money in his ability to conduct adequate discovery in the above-captioned case.  (Doc. 60, Exh. 1). Plaintiff also shows that his original counsel withdrew and was substituted by his current counsel, Attorney Robert Beauchamp on October 8, 2004, nearly a year after the entry of the Court's Discovery/Scheduling Order.  (*Id*.; *see also* Docs. 9, 28).    Plaintiff further shows that: 1) he sent deposition notices to Messrs. Salamack, Eckstine, and Martin on November 10, 2004 for deposition in early December 2004; 2) he first identified William H. Noack on November 17, 2004 and the Martec Group on December 1, 2004 as possible experts in this case as to claim valuation; and 3) he notified Defendant of these experts on December 2, 2004.  (Doc. 60, Exhs. 2-4, 6). Finally, Plaintiff shows that: 1) Defendant took Plaintiff's deposition on November 7, 2004; 2) Defendant indicated on November 22, 2004 that Messrs. Salamack, Eckstine, and Martin would not be available for deposition until January 2005; 3) by agreement of counsel, Defendant took the deposition of Sue Reakirt on December 7, 2004 and that of Del Pricilla on December 8, 2004; and 4) that Defendant indicated by letter on December 15, 2004 that it would not consent to the late designation and disclosure of experts.   (Doc. 60, Exhs. 3, 5, 6).

The Court finds Plaintiff to have shown that he could not have reasonably met the amended discovery schedule despite his diligent efforts in pursuit thereof taking into consideration the entry of new counsel.  Plaintiff has shown good cause in support of his motion to reopen discovery as required by Rule 16(b).  As Plaintiffs have already identified to Defendant the experts they have employed; and the facts upon which said experts are to base their opinions are already available to Defendant, the Court finds that Defendant will not be unduly prejudiced by the reopening of discovery for the requested limited purposes.

Therefore, the Court **GRANTS** Plaintiff's Motion for Reopened Discovery (Doc. 60) only for the limited purposes of allowing: 1) Plaintiffs to conduct depositions of Don Salamack, Jeff Eckstine, and Jeff Martin; and 2) the parties to complete expert discovery.  Plaintiff's Motion for Reopened Discovery (Doc. 60) is **DENIED** as to additional document discovery as he has failed to show good cause within the instant motion for such discovery.  To the extent that Plaintiff moves for reopened discovery so that he may adequately respond to Defendant's Motion for Summary Judgment, his Motion for Reopened Discovery (Doc. 60) is **DENIED-IN-PART as MOOT**.  Accordingly, the parties are **ORDERED** to complete discovery as limited above **no later than sixty (60) days from the date of this Order**, i.e. **March 7, 2006**.  Further, all dispositive motions must be filed **no later than thirty (30) days after the close of discovery**, i.e., **April 6, 2006**.

## II.   Defendant's Motion for Reconsideration

Defendant moves the Court pursuant to Fed. R. Civ. P. 59(e) and M.D. Ga. R. 7.6 for reconsideration of its September 28, 2005 Order denying Defendant's Motion for Sanctions (Doc. 27), Defendant's Motion for Summary Judgment (Doc. 32) and Defendant's Motion to Strike (Doc. 51).[1]  (Doc. 61).   Defendant filed the instant motion on October 10, 2005. *Id*.

Local Rule 7.6 requires motions for reconsideration of an order or judgment to be filed "within ten (10) days after the entry of the order or judgment." M.D. Ga. R. 7.6.   Rule 7.6 further instructs: "[a]ny requests for extensions of time for the filing of briefs with respect to a motion for reconsideration must be directed to the judge." *Id*.

The instant motion was filed twelve (12) days after the entry of judgment.  (*See* Doc. 61). Defendant made no prior request of the Court for an extension of time for the filing of the instant motion.  Defendant's Motion for Reconsideration (Doc. 61) is therefore **DENIED** as untimely.

## III.   Plaintiff's Motion to Amend/Correct Complaint

Plaintiff moves the Court pursuant to Fed. R. Civ. P. 15 to amend his Complaint (Doc. 1) to allege a RICO violation.  (Doc. 64).   Once a responsive pleading has been served, as is the

---

[1] Defendant mistakenly relies upon Rule 59 in support of his motion for reconsideration.  Rule 59 addresses motions for new trial and motions to alter or amend final judgments, not orders, such as the one at issue here, which address dispositive and discovery related motions. *See generally* Fed. R. Civ. P. 59.

case here, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15.

This Court entered a Fed. R. Civ. P. 16(b) discovery/scheduling Order on January 26, 2004 in which it set January 6, 2004 as the deadline for filings of motions to amend the pleadings. (Doc. 9). At that time the Court noted that both parties stated on the record that the aforementioned deadline had passed; and that said parties had not requested that the deadline be extended. *Id*. "When a motion to amend is filed after a scheduling order deadline, " as is the case here, "Rule 16 is the proper guide for determining whether a party's delay may be excused." *See supra* Sosa, 133 F.3d at 1418 n.2. A Rule 16(b) order "may be modified only "upon a showing of good cause." *Id*. at 1418 (*citing* Fed. R. Civ. P. 16(b)). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id*. (internal quotations removed).

In the instant motion, Plaintiff neither makes an attempt to show good cause for modification of the agreed upon deadline nor attempts to excuse his delay in asserting the proposed RICO claim. Further, Plaintiff provides no substantial factual basis for his proposed amendment. (*See generally* Doc. 64). The Court also notes that a RICO claim is broad and highly technical. Therefore, additional discovery would be implicated by a grant of Plaintiff's motion which would unduly expand and extend the case to Defendants' prejudice. The Court, therefore **DENIES** Plaintiff's Motion to Amend/Correct Complaint. (Doc. 64).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Discovery (Doc. 60) is **GRANTED-IN-PART**, **DENIED-IN-PART**, and **DENIED-IN-PART AS MOOT**; Defendant's Motion for Reconsideration (Doc. 61) is **DENIED**; and Plaintiff's Motion to Amend/Correct Complaint (Doc. 64) is **DENIED**.

**SO ORDERED**, this   6th   day of January, 2006.

    /s/W. Louis Sands
**W. LOUIS SANDS, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**