IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| TOMMY MORRISON, | : | |
| Plaintiff | : | |
| v. | : | 1:03-CV-140 (WLS) |
| EXXON-MOBIL CORPORATION, | : | |
| Defendant | : | |

## ORDER

Before the Court is Plaintiff's Motion for Protective Order (Doc. 75), Plaintiff's Motion to Strike (Doc. 76), Plaintiff's Motion for Hearing (Doc. 77), and Defendant's Motion in Limine (Doc. 80). For the following reasons, Plaintiff's Motion for Protective Order (Doc. 75) is **GRANTED-IN-PART** and **DENIED-IN-PART**; Plaintiff's Motion to Strike (Doc. 76) is **DENIED**; Plaintiff's Motion for Hearing (Doc. 77) is **DENIED**; and Defendant's Motion in Limine (Doc. 80) is **DENIED WITHOUT PREJUDICE AS PREMATURE**.

## DISCUSSION

### I. Plaintiff's Motion for Protective Order[1]

Plaintiff moves the Court pursuant to Fed. R. Civ. P. 26(c)(7) for an order: 1) sealing the names of confidential sources in the deposition of Kevin B. McMahon of the Martec Group, and 2) protecting the confidential sources named in the deposition from revelation to defense counsel until said counsel agrees to sign a confidentiality agreement. (Doc. 75).

Generally, parties are allowed to obtain discovery on "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). However, where discovery of relevant "trade secret[s] or other confidential research, development, or commercial

---

[1] The Court notes that the parties were noticed for a hearing on Plaintiff's Motion for Protective Order (Doc. 75), Defendant's Motion to Exclude Plaintiff's Expert (Doc. 80), and Defendant's Motion for Summary Judgment (Doc. 81). However, upon further review of the aforementioned motions, the Court finds that a hearing is not necessary to assist the Court in resolving the same.

information" would cause the party against which discovery is sought "annoyance," "oppression," or "undue burden," Rule 26(c)(7) authorizes the Court, upon showing of good cause by a movant, to issue an order requiring that said information "not be revealed or be revealed only in a designated way." Fed. R. Civ. P. 26(c)(7).   District courts in the Eleventh Circuit and elsewhere maintain that "a party seeking to avoid disclosure of materials by protective order 'bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury'" Empire of Carolina, Inc. v. Mackle, 108 F.R.D. 323, 326 (S.D.Fla. 1985) (citing Citicorp v. Interbank Card Association, 478 F. Supp. 756 (S.D.N.Y. 1979)); *see also* Schofield v. Trustees of Univ. of Pennsylvania, 161 F.R.D. 302, 303 (E.D. Pa. 1995) ("broad allegations of harm will not suffice" to meet the movant's heavy burden).   More specifically, "[a] party seeking a protective order must establish: 1) that the information sought to be protected is 'confidential', and 2) that its disclosure might be harmful.  The burden then shifts to the party seeking the information to show: 3) that the information sought is relevant and necessary at this point in the litigation." *See, e.g.*, Duracell, Inc. v. SW Consultants, Inc., 126 F.R.D. 576, 578 (N.D. Ga. 1989) (citing Empire of Carolina, Inc., 108 F.R.D. at 326).

Here, Plaintiffs submit Kevin B. McMahon, a transportation industry market researcher, as an expert to testify regarding claim valuation. (Doc. 75).  Plaintiff alleges that, in his practice, Mr. McMahon often conducts market surveys through the use of confidential sources. (Doc. 75). According to Plaintiff, Mr. McMahon's professional reputation would be harmed if the sources used to prepare the economic analysis to be used in this case were revealed to the public or employers of the confidential sources.  *Id*.   Plaintiff, as Defendant correctly points out, advances neither factual nor legal basis in his motion for his allegation.  (Doc. 79).   Without more, Plaintiff simply asserts an evidential relationship without establishing the legal basis therefore.

In failing to put forth more than broad allegations, Plaintiff fails to sufficiently establish that the information sought to be protected is confidential.  Plaintiff further fails to establish that

2

disclosure of the same might be harmful. Therefore, Plaintiff fails to satisfy the heavy burden required to obtain a protective order. To the extent Plaintiff seeks an order protecting Mr. McMahon's sources from any discovery whatsoever, Plaintiff's Motion (Doc. 75) is **DENIED**. However, out of caution that the information at issue may in fact be confidential, and in order to proceed with discovery, the Court, without making this a legal finding, **GRANTS** Plaintiff's Motion so that matters will not be discussed except as among counsel. (Doc. 75). Disclosure of the sources used by Mr. McMahon in preparing his analysis is therefore restricted to counsel and those necessary persons under counsel's employ, who may see the same in assisting counsel.

## II.     Plaintiff's Motions to Strike and for Hearing[2]

Plaintiff moves to strike the expert witness submission identifying David Dolik as an expert witness, alleging the same to have been untimely filed in contravention of Fed. R. Civ. P. 26(a)(2)(C). (Doc. 76). Here, Plaintiff alleges to have identified Kevin B. McMahon of the McMahon Group as an expert as to claim valuation on December 1, 2004.[3] (Doc. 76). Plaintiff further alleges that he notified Defendant of said expert on December 2, 2004. *Id*. Even if the Court finds that the relevant notice was not effected until the issuance of the Court's January 6, 2006 order reopening limited discovery, Plaintiff maintains that Defendant should have at least identified Mr. Dolik by February 6, 2006. *Id*. Defendant opposes Plaintiff's motion, arguing that it timely disclosed its expert, asserting that: 1) the Fed. R. Civ. P. 26(a)(2)(C) timing provisions cited by Plaintiff operate only in the absence of the Court's scheduling order; 2) that Plaintiff failed to fully disclose his expert until February 9, 2006, thereby rendering Defendant's disclosure timely even under Rule 26(a)(2)(C); and 3) that Defendant's disclosure was timely under the Court's January 6, 2006 order reopening discovery. (Doc. 78).

---

[2] Upon review of the parties' filings in connection with the instant Motion to Strike, the Court finds that the parties have adequately briefed the issues such that a hearing on the same is not necessary at this time. Plaintiff's Motion for Hearing (Doc. 77) is therefore **DENIED**.

[3] Pursuant to the Court's January 6, 2006 Order, discovery was reopened until March 7, 2006 for the limited purposes of allowing Plaintiffs to conduct depositions of Don Salamack, Jeff Eckstine, and Jeff Martin; and to allow the parties to complete expert discovery. (Doc. 69).

### A. Fed. R. Civ. P. 26(a)(2)(C)

By its own terms, Rule 26(a)(2)(C), which requires disclosures of rebuttal experts within thirty days of the disclosure of experts-in-chief, operates only "[i]n the absence of other directions from the court." *See generally* Fed. R. Civ. P. 26(a)(2)(C).  The Court entered a Rule 16/26 scheduling order, in which deadlines for submission of expert witnesses for the case-in-chief and rebuttal were set.  (Docs. 5, 9).  Expert disclosures for the parties' cases-in-chief were originally due by June 7, 2006.  Rebuttal disclosures were originally due by June 28, 2006.  (Doc. 9).  By the Court's August 19, 2004 Order, the discovery period was extended until November 15, 2004, at which time discovery closed.  (Doc. 23).  The Court reopened discovery on January 6, 2006 for the limited purposes of allowing Plaintiffs to conduct depositions of Don Salamack, Jeff Eckstine, and Jeff Martin; and to allow the parties to complete expert discovery.  (Doc. 69).  Discovery was scheduled for a sixty (60) day period ending on March 7, 2006.  *Id*.

Based on the foregoing, it is found that the Court, through its orders scheduling discovery, including the January 6, 2006 order allowing the parties to complete expert discovery, adequately provided directions to the parties as to the relevant deadlines for submitting expert disclosures such that the Rule 26(a)(2)(C) timing provisions are effectively superceded.

### B. Disclosure under Rule 26(a)(2)(C)

Notwithstanding this finding, upon review of the record, it is found that while Plaintiff identified the McMahon Group as a possible expert as to claim valuation on December 1, 2006, he did not fully disclose his expert until February 9, 2006, when Mr. McMahon served on Defendant the "Final Report," which discloses the basis and full analysis of the opinions he

4

referenced in his February 7, 2006 Rule 26 expert report.[4]  (*See* Doc. 78, Exhs. B, C; *see also* Doc. 69).   Under Rule 26(a)(2)(C), Defendant had thirty days thereafter in which to fully disclose its rebuttal expert.   It is uncontested that Defendant filed its expert disclosure on March 1, 2006, within the thirty-day period allotted by the Federal Rules.  (Docs. 76, 78).   Based on the foregoing, it is found that Defendant timely filed his expert disclosure under Rule 26(a)(2)(C), such as that rule may apply to this case.

### C.   Disclosure under the Court's January 6, 2006 Order

Defendant made its disclosure on March 1, 2006, six days before the conclusion of the reopened discovery period.  *Id.*   While Defendant initially offered to make Mr. Dolik available for deposition on March 8, 2006, upon conference with Plaintiff's counsel and the subsequent realization that the March 8 date was outside the discovery period, Defendant offered to make Mr. Dolik available for deposition on March 6, 2006.  *Id.*

Upon review of the record, it is found that Plaintiff does not make a prima facie showing that Defendant's disclosure was late or otherwise prejudicial to Plaintiff's ability to fully discover his case.   Notably, it is found that Defendant's March 1, 2006 disclosure is consistent with the expert disclosure schedule initially agreed upon and made the Order of the Court at the Rule 16/26 discovery conference.  (*See* Doc. 9).   Disclosure of expert witnesses for the case-in-chief was initially scheduled for June 7, 2004, with disclosure of rebuttal expert witnesses due twenty-one (21) days thereafter on June 28, 2004.   Discovery was initially set to close on July 6, 2004, twenty-nine (29) days after the deadline for disclosure of expert witnesses for the case-in-chief.

---

[4]  "Notice of the expert witness' name is not enough [to satisfy Rule 26(a)(2)(B)]. Each witness must provide a written report containing a complete statement of all opinions to be expressed and the basis and reasons therefor, as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony."  Prieto v. Malgor, 261 F.3d 1313, 1317-18 (11th Cir. 2004) (internal quotations omitted).

*Id*.  Here, Plaintiff completed disclosure of his expert witnesses for his case-in-chief on February 9, 2004, twenty-six (26) days prior to the close of the reopened discovery period.  *See supra* Part II, B.  Twenty (20) days after Plaintiff's disclosure, Defendant disclosed its rebuttal expert witness. (Docs. 76, 78).   That merely six (6) days remained for the completion of discovery cannot be found to be Defendant's fault in light of Plaintiff's delay in properly disclosing its expert.  The Court therefore finds that Defendant's March 1, 2006 disclosure was timely under its scheduling orders; and further, that such a disclosure did not effect surprise or prejudice on Plaintiff.   Based on the foregoing, Plaintiff's Motion to Strike (Doc. 76) is **DENIED**.

### III.   Defendant's Motion to Exclude Plaintiff's Expert

Defendant alleges that Plaintiff has designated Mr. McMahon, a transportation industry market researcher, as an expert to testify regarding "the value of [Plaintiff's] services as a representative of Mobil 1 over a period of 15 years." (Doc. 80).  Defendant further alleges that Mr. McMahon is unqualified, and that as a result of his lack of qualification, his testimony fails to satisfy the Daubert standard, and should therefore be excluded at trial.  (Docs. 80, 93). Plaintiff contends that Defendant's motion it is premature to ask the Court to determine Mr. McMahon's qualifications and whether his opinion would help a jury.  (Doc. 89).

The Court agrees.   Upon review of the Complaint (Doc. 1), the instant motion (Doc. 80), and Defendant's Motion for Summary Judgment (Doc. 81), it is found that resolution of damage issues raised in Defendant's Motion for Summary Judgment (Doc. 81) does not *require* the Court to determine the admissibility of any testimony Mr. McMahon's may present at trial. Defendant's Motion to Exclude Plaintiff's Expert (Doc. 80) is therefore **DENIED WITHOUT PREJUDICE AS PREMATURE**.

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Protective Order (Doc. 75) is **GRANTED-IN-PART** and **DENIED-IN-PART**; Plaintiff's Motion to Strike (Doc. 76) is

**DENIED**; Plaintiff's Motion for Hearing (Doc. 77) is **DENIED**; and Defendant's Motion in Limine (Doc. 80) is **DENIED WITHOUT PREJUDICE AS PREMATURE**.

**SO ORDERED**, this  5th  day of September, 2006.

                                                     /s/W. Louis Sands
                                                **W. LOUIS SANDS, CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**